IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CALDERA PHARMACEUTICALS, INC.,

    Plaintiffs,

v.                                                                  Civ. No. 10-222 JCH/RHS

JOEL J. BELLOWS and BELLOWS AND
BELLOWS, P.C.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendants' Objection to Judge Scott's Order Granting Caldera's Motion to Compel Production of Documents Withheld Under Privilege Log*, filed November 18, 2011 [Doc. 136]. On August 12, 2011, Plaintiff filed a motion seeking to compel production of certain documents that Defendants claim are privileged. *See* Docs. 100, 106. On October 27, 2011, the Magistrate Judge held an evidentiary hearing, at the conclusion of which he granted Plaintiff's Motion to Compel [Doc. 100], stating, "I can't conclude that there's any clear attorney-client privilege being asserted." *See* Doc. 147 at 79. On October 31, 2011, the Magistrate Judge entered an Order [Doc. 129] providing that all documents described in Defendants' Amended Privilege Log [Doc. 106-2] be produced. After obtaining a short extension of time, Defendants filed their Objection. *See* Docs. 132, 136. Upon review of the briefing and the relevant authorities, the Court finds Defendants' Objection [Doc. 136] should be denied and the Magistrate Judge's Order affirmed.

### BACKGROUND

Plaintiff Caldera Pharmaceuticals, Inc., whose principal place of business is in New Mexico, hired Defendant Joel J. Bellows, an Illinois lawyer and his Illinois law firm, Bellows

and Bellows, P.C., to provide advice relative to the start-up of Plaintiff's business.  *See* Doc. 60 at ¶¶ 6-9.  Defendant Joel Bellows and Bellows and Bellows, P.C. employee Seddie Bastanipour both purchased stock in Plaintiff Caldera.  *See id.* at ¶¶ 12-13.  Eventually, however, these relationships deteriorated, and multiple lawsuits ensued.

In September 2008, Joel Bellows and Seddie Bastanipour sued Plaintiff in Illinois, alleging stock fraud.  *See* Doc. 136 at 4.  In November 2009, Caldera sued Bastanipour in New Mexico, alleging negligence in her performance of accounting and payroll work for Caldera.  *See id.* Two months later, in January 2010, Caldera brought the instant litigation, alleging legal malpractice, among other claims.  *See* Doc. 60.

Plaintiff requested "[a]ll documents evidencing communications by and between Defendants and Seddie Bastanipour and/or her counsel relating to" Plaintiff's lawsuit against Ms. Bastanipour.  *See* Doc. 46-1 at 13.  Defendants objected to the request, asserting the attorney-client privilege and the work product doctrine, but they did not provide a privilege log. *See id.*  Plaintiff sought to compel production, urging that "[t]he information sought should be ordered produced and/or a privilege log provided by a date certain."  *See* Doc. 72 at 7.  The Magistrate Judge granted Plaintiff's Motion to Compel [Doc. 46] in part without specific comment regarding the privilege issue.  *See* Doc. 74 at 2.  Ultimately, the Magistrate Judge entered an order clarifying that the information must be produced on or before July 22, 2011. *See* Doc. 87 at 2.  It appears that Defendants finally provided a privilege log listing communications between themselves and either Ms. Batanipour or her counsel on July 22, 2011. *See* Docs. 94, 100-1.

On August 12, 2011, Plaintiff filed its *Motion to Compel Documents Withheld Under Privilege Log and Request for Expedited Consideration* [Doc. 100], arguing that Defendants

should be ordered to produce the communications between themselves and either Ms. Bastanipour or her counsel for three reasons: (1) the Court previously overruled Defendants' objections to producing these documents; (2) Defendants waived their objections by failing to provide a privilege log with their initial responses; and (3) regardless of the asserted privilege, "the existence and substance of such communications are themselves the subject of Plaintiff's claims in this legal malpractice action against Defendants." *See* Doc. 100 at 2.

At the conclusion of an evidentiary hearing on the matter of the alleged privilege, the Magistrate Judge granted Plaintiff's Motion [Doc. 100], noting, "I can't conclude that there's any clear attorney-client privilege being asserted." *See* Doc. 147 at 79. The Magistrate Judge therefore held that the documents identified in the privilege log were discoverable. *See id.* at 81. Defendants' Objection [Doc. 136] asserts that the Magistrate Judge's order is clearly erroneous in that it "requires production of clearly protected attorney/client communications." *See* Doc. 136 at 1.

## **STANDARD OF REVIEW**

Under FED. R. CIV. P. 72(a), a District Court should modify or set aside a portion of a Magistrate Judge's order on a nondispositive matter, such as a discovery dispute, only if it finds that the order "is clearly erroneous or is contrary to law." An order is clearly erroneous when, "on the entire evidence [the reviewing court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

## **DISCUSSION**

The documents at issue are described in Defendants' Amended Privilege Log, which contains 629 pages of communications comprising approximately 163 separate documents.  *See* Doc. 106-2.  Of these, only 11 documents are authored by Seddie Bastinpour.  *See id.*  Eighty-three of the documents were either addressed to her or provided to her via carbon copy.  *See id.* Seventy of the 163 documents are communications that do not even include Ms. Bastinpour but are instead between Ms. Bastinpour's attorneys and Christopher Gallinari, an employee of Defendant Bellows and Bellows, P.C.  *See id.*  Believing that it could be held vicariously liable for the alleged negligence of Ms. Bastanipour, Defendant Bellows and Bellows, P.C. paid for Ms. Bastanipour's legal representation.  *See* Doc. 136 at 4-5.  Mr. Gallinari testified that he was the primary point of contact between Bellows and Bellows P.C. and Hemphill & Grace, P.C. *See* Doc. 147 at 27-28.  All 163 of the documents identified on Defendants' Amended Privilege Log are either authored by or received by Mr. Gallinari.  *See* Doc. 106-2.

This case was removed to federal court on the basis of diversity.  *See* Doc. 1 at ¶ 8.  State law therefore supplies the rule of decision on all the claims alleged—breach of contract, negligence, breach of fiduciary duty, fraud, and tortious interference with contract.  *See* Doc. 60. Thus, New Mexico's rules of privilege apply.  *See* FED. R. EVID. 501.  Under New Mexico's lawyer-client privilege,

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client,
> (1) between the client and the client's lawyer or his lawyer's representative; or
> (2) between the client's lawyer and the lawyer's representative; or
>   (3) by the client or client's lawyer to a lawyer representing another in a matter of common interest, or

4

> (4) between representatives of the client or between the client
> and a representative of the client; or
> (5) between lawyers representing the client.

Rule 11-503(B) NMRA 2011.  A "client" is defined as "a person, public officer, or corporation, association, or other organization or entity, either public or private, who is rendered professional legal services by a lawyer, or who consults a lawyer or a representative of a lawyer with a view to obtaining professional legal services."  Rule 11-503(A)(1) NMRA 2011.

Neither Mr. Gallinari nor Bellows and Bellows, P.C. provided legal services to Ms. Bastanipour.  Mr. Gallinari testified, "[i]n these conversations with Ms. Bastanipour or Ms. Hemphill, I was not an attorney.  I was a client."  Doc. 147 at 35-36.  Although he testified that he assisted Ms. Bastanipour, who is originally from Iran and speaks English as a second language, with language in answering interrogatories, Mr. Gallinari was clear that he "was not Seddie's attorney in connection with that litigation."  *Id.* at 36.  Given the lack of an attorney-client relationship between Mr. Gallinari and Ms. Bastanipour, Defendants produced previously withheld documents containing communications solely between Mr. Gallinari and Ms. Bastanipour.  *See* Doc. 147 at 14 ("we then went ahead and produced those documents that had originally been marked as privileged communications between Chris Gallinari and Seddie Bastanipour as basically now client-client communications").

The question posed to the Magistrate Judge was "whether the attorney-client privilege should protect the communications between Chris Gallinari, Bellows & Bellows and the lawyer that they hired to defend the case against Seddie Bastanipour in New Mexico."  *Id.  See also* Doc. 136 at 4-5 (contending that Bellows and Bellows, P.C. "engaged counsel (the law firm of Hemphill & Grace, P.C. in Santa Fe, New Mexico) to represent both Bastanipour and

5

Bellows and Bellows, P.C. in connection with the lawsuit against Bastanipour").

The Court notes that Bellows and Bellows, P.C. was never named as a defendant in Plaintiff's New Mexico lawsuit against Ms. Bastanipour.  *See* Doc. 147 at 21.  Further, it appears that Ms. Bastanipour worked as an independent contractor of Bellows and Bellows, P.C. for at least some period of time relevant to Plaintiff's claims against her.  *See* Doc. 136 at 4 (confirming that Plaintiff's claims against Ms. Bastanipour arose from accounting and payroll work she performed for Plaintiff "while she was employed by Bellows and Bellows, P.C. or was working for a separate company ("NEC") acting as an independent contractor for Bellows and Bellows, P.C.").  Under New Mexico law, "[o]ne who employs an independent contractor is not liable to others for the wrongful acts or omissions of the contractor."  U.J.I. 13-404 NMRA 2011.  Consequently, separate and apart from the fact that Plaintiff did not assert any direct claims against it, Bellows and Bellows, P.C. appears to have had little, if any, cause for concern that it could be held liable to Plaintiff for any negligence on the part of Ms. Bastanipour.

While attorneys are permitted to accept payment for their services from third parties not involved in the litigation, *see, e.g.,* Rule 16-108(F) NMRA 2011, the attorney-client privilege does not extent to communications including third parties, *see generally In re Grand Jury Subpoenas*, 906 F.2d 1485 (10th Cir. 1990).  All 163 of the communications which are at issue include such a third party—namely, Mr. Gallinari.  *See* Doc. 106-2.  Given the foregoing facts, the Court cannot find that the Magistrate Judge's Order [Doc. 129] was clearly erroneous.

## CONCLUSION

IT IS THEREFORE ORDERED that *Defendants' Objection to Judge Scott's Order*

*Granting Caldera's Motion to Compel Production of Documents Withheld Under Privilege Log*, filed November 18, 2011 [Doc. 136] is OVERRULED.

_____
**UNITED STATES DISTRICT JUDGE**